# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CRIMINAL CASE NO. 2:14-cr-00021-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Appellee, )<br>)<br>)<br>vs. )<br>)<br>)<br>DAVID FRANK CRISP, )<br>)<br>Appellant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Extension of Stay During Appeal or in the alternative, Motion for Stay Pursuant to 18 U.S.C. § 3143 [Doc. 21].

On October 15, 2014, the Appellant filed a Notice of Appeal [Doc. 2] appealing his conviction and sentence imposed by the Magistrate Judge on October 9, 2014. [Doc. 1-1]. On October 21, 2014, the Appellant filed a Motion to Stay the execution of his 90-day sentence of imprisonment. [Doc. 3]. Thereafter, the Court stayed the execution of Appellant's sentence pending the resolution of the appeal to the District Court. [Doc. 4].

On November 17, 2015, the Court entered a Memorandum of Decision in this appeal affirming the Magistrate Judge's decision below. [Doc. 13]. On December 9, 2015, the Appellant moved for an extension of time within which to file a notice of appeal [Doc. 14], which motion was granted [Doc. 15]. The Appellant filed his notice of appeal to the United States Court of Appeals for the Fourth Circuit on December 16, 2015. [Doc. 16].

On December 21, 2015, the Appellant filed the present motion, seeking to extend the stay of his sentence pending the appeal to the Fourth Circuit or, in the alternative, to stay this matter pursuant to 18 U.S.C. § 3143. [Doc. 21]. The Government does not oppose the Defendant's request.

Title 18 of the United States Code, Section 3143, governs the release of a defendant pending an appeal. That provision provides, in pertinent part, a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal, must be detained unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --
>
> (i) reversal,

2

> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). The Appellant bears the burden of showing that he meets each of the requirements of this statute. See United States v. Stevens, 990 F. Supp. 838, 839 (W.D. Va. 1998).

In the present case, it does not appear that the Appellant is likely to flee or that he would pose a danger to the safety of any other person or the community if he remained on release. The Appellant has been on pretrial release for over two years and has not violated any conditions of his pretrial release. Accordingly, the Court finds that the first requirement of § 3143(b) has been met.

The Appellant has made no showing, however, that the appeal is not for the purpose of delay or that his appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence. In his motion, the Appellant identifies three issues that he intends to raise on appeal: (1) that the Magistrate Judge violated his Sixth Amendment rights by denying him a jury trial; (2) that the Magistrate Judge erred in reopening the

3

case after the close of the Government's evidence; and (3) that this Court "overly extended the definition of 'hunt' under 36 CFR 261.8." [Doc. 21 at 2]. With respect to the first issue, the Appellant already has conceded that binding precedent exists which is directly contrary to his position. [See Doc. 9 at 16]. With respect to the remaining two issues, this Court thoroughly analyzed these issues in its Memorandum of Decision and rejected the Appellant's arguments. [See Doc. 13]. For the reasons previously stated in the Memorandum of Decision [Doc. 13], this Court concludes that the issues intended to be raised by the Appellant on appeal do not present "close" questions which, in the Court's view, "very well could be decided the other way." United States v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991). Indeed, the Appellant makes no attempt to even argue that the resolution of these issues would likely result in a reversal of his conviction, a new trial, or a reduction of his sentence. Accordingly, the Appellant's motion for a stay of his sentence pending appeal is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Extension of Stay During Appeal or in the alternative, Motion for Stay Pursuant to 18 U.S.C. § 3143 [Doc. 21] is **DENIED**, and the Appellant shall report to the appropriate custodial facility for the service of his sentence as directed by the U.S. Marshal for the Western District of North Carolina.

**IT IS SO ORDERED.**

Signed: December 30, 2015

Martin Reidinger
United States District Judge